JOHN HAYES, plaintiff in error, v. GARDNER T. GORHAM and LEWIS DURLEY, defendants in error.

*Error to Putnam.*

It is a good defence to an action by the assignee of a promissory note, against the assignor, who was also payee, that the endorsement made by the defendant on the note, was made after the note became due, to one Schooler, a subsequent assignor, without any consideration whatever, at the request of Schooler, for the sole purpose of enabling him to sue on the note in his own name, with the express agreement, on the part of Schooler, that the defendant should not be held liable on his endorsement; and that the note was sold to Schooler sometime before the endorsement was made, and after the note became due, for a price much less than the face of the note, and that Schooler purchased the same at his own exclusive risk.

In an action by an assignee of a promissory note against an assignor, a subsequent assignor is not a competent witness for the plaintiff, although the plaintiff had recovered judgment against him for the amount of the note and interest.

THE defendants in error commenced an action of *assumpsit*, at the April term of the Circuit Court of Putnam county, 1839, against the plaintiff in error, as endorser of the following notes:

" $2000,00.                     *Peru, Illinois, March 21st, 1837.*
" On the twenty-eighth day of August, A. D. 1837, we, or either of us, jointly and severally, promise to pay John Hayes, or order, two thousand dollars, for value received.
        " Witness our hands and seals,
                        " R. H. MALLORY,   [SEAL.]
                        " ABRAM EDGERTON, [SEAL.]"
Endorsed, " January the 29th, 1838, pay to William H. Schooler.
                                " JOHN HAYES,"
                " February 26th, 1838,  H. N. SCHOOLER."
    " Pay the within to Gorham & Durley,
                                " W. H. SCHOOLER."

" $3350,00.                     *Peru, Illinois, March 21st, 1837.*
" On the twenty-eighth day of November, A. D. 1837, we or either of us, jointly and severally, promise to pay John Hayes, or order, three thousand three hundred and fifty dollars, for value received.                     R. H. MALLORY,    [SEAL.]
                        " ABRAM EDGERTON,  [SEAL.]"
Endorsed, " January the 29th, 1838, pay to William H. Schooler.
                                " JOHN HAYES."
                " February 26th, 1838,  H. N. SCHOOLER."
    " Pay the within note to Gorham & Durley,
                                " W. H. SCHOOLER."

The plaintiffs' declaration contained two counts. The first described the notes, and alleged they were each endorsed by defendant to

the plaintiffs, on the day of their date. The second count, as amended, described the notes, and alleged that the note first above mentioned was endorsed by defendant to plaintiffs January 29, 1838, and that the second note above mentioned was endorsed to the plaintiffs by defendant on the day of its date. Each count alleged the insolvency of the makers of the notes, and the last diligence.

To this declaration the defendant pleaded three pleas in bar, as follows, to wit:

1st plea: *Actio. non ;* " Because, he says, that at the time this defendant made the endorsements on said notes in the plaintiffs' declaration mentioned, William H. Schooler, to whom this defendant sold said notes and made said endorsements, expressly agreed, that this defendant should not be held liable upon said endorsements, or either of them, and upon this said agreement, defendant made said endorsements, and upon none other" &c., &c. 2d plea: *Actio. non*; " Because, he says, that said endorsements made by defendant, on said promissory notes, as set forth in the plaintiffs' declaration, were made by said defendant after said notes became due, to wit, on the 25th day of June, A. D. 1838, at the county aforesaid, to William H. Schooler, one of the endorsers of said notes, without any consideration whatever, at the request of said William H. Schooler, and for the only purpose of enabling said Schooler to sue upon said notes in his own name, and with the express agreement of said Schooler with this defendant, that he, the said defendant, should not in any way be held liable on said endorsements ;— and defendant further avers, that said notes were sold and delivered to said Schooler sometime before said endorsements were made, and after said notes had become due; and the said Schooler, at the time of such sale and delivery of said notes to him by said defendant, purchased them of the defendant for an amount much less than the amount payable on the face of said notes, to wit, the sum of two thousand dollars, and at his said Schooler's own exclusive risk;" and a verification. The 3d plea is like the second, except the following averment is added, to wit: " And the defendant avers, that the plaintiffs, at the time said notes were endorsed and delivered to them by the said Schooler, well knew that said endorsements were made by the defendant without consideration, and of the making of the agreement with the said Schooler, as aforesaid;" and a verification, &c.

To the first and second pleas of the defendant, the plaintiffs demurred generally, and the defendant joined in demurrer, which the Court sustained.

To the defendant's third plea, the plaintiffs replied, *precludi non ;* " Because, they say, that at the time the said notes in the said declaration mentioned, were endorsed by the said Schooler to the said plaintiffs, they had no notice of any contract or agreement of said Schooler with said Hayes, or want of consideration as set forth in

said plea of said defendant;" and tendered an issue to the country, which was joined.

The cause was tried at the April term, 1839, before the Hon. Thomas Ford. Verdict and judgment were rendered for the plaintiffs for $5837,87, the amount of the notes and interest.

On the trial the following bill of exceptions was taken :

" Be it remembered, that on the trial of this cause, the said plaintiffs produced as a witness, Hugh N. Schooler, to prove that the said plaintiff had no knowledge of the facts stated in the defendant's plea at the time of the endorsement of the notes by W. H. Schooler, described in the declaration to them ; and upon examination it appeared that the said Hugh N. Schooler was one of the endorsers of said notes to the said plaintiffs, and that judgment of this Court has already been obtained by said plaintiffs against him for the amount of said notes and interest ; whereupon the said defendant objected to the said witness, as interested and incompetent ; but the Court overruled said objection, and permitted the said Hugh N. Schooler to testify, that, at the time he endorsed said note to the plaintiffs, they had no knowledge of the facts stated in the plea, so far as he knew ; and also, that they had no such knowledge before said endorsement, as far as he knew. To which decision of the Court in overruling said objection, and permitting said Schooler to testify as aforesaid, the said defendant excepts, and prays the Court to sign and seal this his bill of exceptions, which is done.

"Thomas Ford, [seal.]"

The cause was brought to this Court by writ of error, and the following error assigned :

1. The Court erred in sustaining the defendant's demurrer to the plaintiff's first plea.

2. The Court erred in sustaining the defendant's demurer to the plaintiff's second plea.

3. The Court erred in admitting the testimony of H. N. Schooler.

Onslow Peters, for the plaintiff in error :

The note was dishonored when it passed from Hayes to Schooler, and from Schooler to the plaintiffs below, and they took it subject to all legal objections, both as to endorsers and makers.

Tinson v. Francis, 1 Camp. R. 19 ; Chitty on Bills 244, note v ; 9 B. & C. 391 ; Crossby v. Ham, 13 East 498 ; Brown v. Davis, 3 T. R. 81 ; Burrough v. Moss, 10 B. & C. 558 ; Chitty on Bills 265 ; Pike v. Street, Moody & Malkin 226.

H. N. Schooler was an incompetent witness, and his testimony ought to have been excluded.

Bailey on Bills, 371, note ; Scott v. McClellan, 2 Greenl. R. 199 ; Talbot v. Clark, 8 Pick. 81.

S. T. Logan, for the defendants in error.

Smith, Justice, delivered the opinion of the Court :

We are of opinion that the Circuit Court erred in sustaining the demurrer of the plaintiffs to the second plea of the defendant.

The facts set forth in the plea would be a good bar to the action, if proven, and consequently the plea should have been sustained.

The Court, we think, erred in admitting the testimony of the witness, H. N. Schooler; he was interested in having a previous assignor sued, and the money collected of him, as that would discharge his liability.

Let the judgment be reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*